UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
IN THE NORTHERN DIVISION AT KNOXVILLE

| | |
|---|---|
| FRANKENMUTH INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No.: 3:10-CV-231<br>) |
| CLEAR CREEK CONSTRUCTION, LLC, | )<br>)<br>) |
| Defendant. | ) |

### COMPLAINT FOR DECLARATORY JUDGMENT

Comes the Plaintiff, Frankenmuth Insurance Company (hereinafter "Frankenmuth"), pursuant to Tenn. Code Ann. § 29-14-101 et. seq. and Rule 57 of the Federal Rules of Civil Procedure, and prays the Court declare the rights and obligations of the parties pursuant to a Commercial General Liability Policy issued by Frankenmuth Insurance Company to Clear Creek Construction, LLC, Policy No.: CPP6012556, which is incorporated by reference herein, and a certified copy of which is attached as **Exhibit 1**. Plaintiff requests the Court construe the policy, hear the facts, and declare the rights and obligations of the parties and further avers as follows:

### JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332 as there is complete diversity between the Plaintiff and the Defendant. The defendant was sued in the United States District Court for the Eastern District of Tennessee in the Northern Division at Knoxville for an amount unspecified. However, given the amount of civil penalties sought, which is up to $37,500 per

day for each day of alleged violation of the NPDES permit, fees and costs sought by the plaintiffs in the underlying action, and the amount of legal fees based on a duty to defend the action, which is also at issue, the amount in controversy will far exceed the $75,000 threshold.

2. Upon information and belief, the defendants are subject to the personal jurisdiction of this Honorable Court. Jurisdiction is also proper under 28 U.S.C. § 2201 because Plaintiff seeks a declaration concerning rights and obligations under a policy of insurance delivered to Clear Creek Construction, LLC at the address of 108 Stekoia Lane, Suite 103, Knoxville, Tennessee, Knox County, Tennessee and, therefore, venue is proper with this Honorable Court.

3. Venue is further proper in this district pursuant to 28 U.S.C. § 1391 (a) (1) because the events or omissions giving the rise to the claim occurred in this district, and the property that is the subject of this action is situated in this district.

**PARTIES**

4. Plaintiff Frankenmuth Insurance Company, incorporated pursuant to the laws of the State of Michigan, with its principle place of business at 1 Mutual Avenue, Frankenmuth, MI 48787-0001, issued Commercial General Liability Policy No. CPP6012556000 to Clear Creek Construction, LLC, 108 Stekoia Lane, Suite 103, Knoxville, Tennessee, with its principle office registered at the same address.

5. Clear Creek Construction, LLC is a limited liability company organized pursuant to the laws of the State of Tennessee with its agent for

service of process being Virginia L. Couch, Esq., 5301 Kingston Pike, Knoxville, Tennessee.

## FACTUAL ALLEGATIONS AND POLICY

6. Frankenmuth issued a commercial general liability policy to Clear Creek Construction, LLC, Policy No. CPP6012556 on January 22, 2009, with a policy term of February 12, 2009 to February 12, 2010.

7. The commercial general liability policy provided coverage for damages because of bodily injury or property damage only in accordance with policy terms, conditions, definitions, and exclusions.

8. Plaintiff in the underlying action, Tennessee Clean Water Network, is a nonprofit corporation organized, in part, to ensure the protection of Tennessee waters. The remaining plaintiffs in the underlying suit, Charles McMillan, James McMillan, and Mike McMillan, own, reside on, and use family property adjacent to, and downstream from, The Legends Subdivision for raising livestock and farming. Plaintiffs in the underlying suit allege that drinking wells and creeks on McMillan Farm were contaminated by construction activities and illegal storm water pollution discharges at The Legends Subdivision.

9. Clear Creek Construction, LLC was the general contractor for construction of a roadway in The Legends Subdivision where the alleged storm water pollution discharge which forms the basis of the underlying suit and request for coverage occurred. Construction began in March 2009.

10. It is alleged that Clear Creek Construction, LLC, and its co-defendants in the underlying suit, repeatedly violated the terms of the Federal Clean Water Act codified at 33 U.S.C. § 1365(a)(1) and the National Pollutant Discharge Elimination System Permit for The Legends Subdivision.

11. It is further alleged that Clear Creek Construction, LLC, and its co-defendants in the underlying suit, failed to take the necessary and legally required steps to prevent the dislodging and suspension of sediment in the storm water discharged from The Legends Subdivision.

12. Plaintiffs in the underlying suit sued Clear Creek Construction, LLC and others in the United States District Court for the Eastern District of Tennessee in the Northern Division at Knoxville on October 15, 2009. The suit was assigned Case No. 3:09-cv-449. Plaintiffs' First Amended Complaint was filed on October 27, 2009. The First Amended Complaint, which is incorporated by reference herein and attached as **Exhibit 2**, seeks declaratory judgment, injunctive relief, the imposition of civil penalties, and the award of costs for alleged repeated and continuing violations of the Federal Clean Water Act and/or the Tennessee Water Control Act. Plaintiffs further seek damages under state law resulting from Clear Creek Construction, LLC's alleged nuisance, trespass, and negligence that resulted in ground water and service water pollution on McMillan Farm.

11. Claims and a request for coverage have been submitted to Frankenmuth, and Frankenmuth has been requested by Clear Creek to defend

its interest. Frankenmuth is defending the Tennessee Clean Water Network suit under a reservation of rights.

12. Frankenmuth avers and alleges that the commercial general liability policy provides no coverage for any claim or damages sought in the Tennessee Clean Water Network suit.

13. The policy provided the following coverage:

### SECTION I COVERAGES

**Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the defendant against any "suit" seeking those damages. However, we have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply"..... .

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period....

14. The policy contains the following definitions relevant to the construction of the insuring agreement with respect to the Tennessee Clean Water Network suit:

> "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

"Property damage" means:

> a. Physical injury to tangible property, including all resulting loss of use of that property.

15. Frankenmuth avers and alleges that the allegations of the Tennessee Clean Water Network suit do not fall within the insuring agreement set forth above. The insuring agreement sets the outer limits of an insurer's contractual liability. If coverage could not be found in the insuring agreement, it will not be found elsewhere in the policy.

16. The policy contained the following exclusions which exclude liability for the allegations of the Tennessee Clean Water Network suit:

> **Exclusions**
>
> The insurance does not apply to:
>
>> a. Expected of intended injury
>>
>>> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured... .
>>
>> f. Pollution
>>
>>> (l) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, disposal, seepage, migration, release or escape of "pollutants";
>>>
>>> (a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured.
>>>
>>> * * *
>>>
>>> (2) Any loss, cost or expense arising out of any:

> (a) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"

17. The policy contains the following definition relevant to construction of the pollution exclusion:

> 15. "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

18. The allegations, claims, and damages sought by the Tennessee Clean Water Network and the McMillans in the underlying suit, as more particularly described therein, do not fall within the insuring agreement of any portion of the Frankenmuth commercial general liability policy, in that they do not constitute allegations of "property damage" caused by an "occurrence."

19. In addition and/or in the alternative, coverage for any and all claims and damages alleged against Clear Creek Construction in the Tennessee Clean Water Network suit are excluded by operation of the exclusions set forth above.

20. Frankenmuth avers and alleges that the injuries and claims referenced in the Tennessee Clean Water Network suit are thus excluded from coverage by operation of the above-referenced exclusions.

21. Frankenmuth further relies upon all of the other provisions, terms, conditions, and exclusions of the commercial general liability

policy in this Declaratory Judgment Action, and that, under the policy, there would be no coverage afforded for the injuries, causes of action, or claims referenced in the Tennessee Clean Water Network suit.

22. Premises considered, Frankenmuth Insurance Company prays as follows:

1. That the defendant be required to answer and appear herein;

2. That the Court adjudicate and declare that Frankenmuth Insurance Company Commercial General Liability Policy No. CPP6012556000 provides no coverage whatsoever for the injuries, allegations, or claims referenced in Case No. 3:09-cv-449, filed by Tennessee Clean Water Network, et al., against Clear Creek Construction, LLC, et al., in the United States District Court for the Eastern District of Tennessee in the Northern Division at Knoxville;

3. That the Court adjudicate and declare that Frankenmuth has no duty to defend or indemnify the defendant, Clear Creek Construction, LLC, for any injury, allegation or claim referenced in Case No. 3:09-cv-449, filed by Tennessee Clean Water Network, et al., against Clear Creek Construction, LLC, et al., in the United States District Court for the Eastern District of Tennessee in the Northern Division at Knoxville;

4. That the costs of this action be assessed against the defendant; and

5. For such other and further legal and equitable relief as this Court deems just and proper.

DATED: this 19th day of May, 2010.

Respectfully submitted,

**LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC**

By: _____
THOMAS A. WILLIAMS, BPR # 01688
CHERIE D. JEWELL, BPR # 020835
Attorneys for Plaintiff, Frankenmuth Insurance Company
801 Broad Street, Third Floor
Chattanooga, TN 37402
(423) 265-0214 (P)
(423) 266-5490 (F)